**Anthony KIPEN, Petitioner–Appellant,**

v.

**Paul H. RENICO, Respondent–Appellee.**

**No. 02–1742.**

United States Court of Appeals, Sixth Circuit.

May 14, 2003.

Before GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

*ORDER*

Anthony Kipen appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1987, Kipen pleaded guilty to criminal sexual conduct and was sentenced to a term of three to fifteen years of imprisonment. *See* Mich. Comp. Laws § 750.520d(1)(b). He was paroled in 1990, but pleaded guilty to a controlled substance offense in 1992. *See* Mich. Comp. Laws § 333.7413(2). Kipen was then sentenced to a term of four to eight years that was made consecutive to his 1987 sentence. He was paroled in 1996, but his parole was revoked again in 1997.

In 1999, Kipen filed a petition for state habeas corpus relief, primarily alleging that he had fully served his two sentences. The state trial judge denied this petition on the merits, and that decision was unchanged by the Michigan courts on appeal.

In his § 2254 petition, Kipen alleged: 1) that he had served his maximum sentence; 2) that his continued incarceration violates a plea agreement; and 3) that he is entitled to disciplinary credits under state law. The district court dismissed Kipen's petition on May 15, 2002, and it is from this judgment that he now appeals. A certificate of appealability was issued only as to the claim that he has been imprisoned beyond the maximum term of his two sentences. Thus, appellate review is limited to that claim. *See Seymour v. Walker,* 224 F.3d 542, 561 (6th Cir.2000).

We review the denial of Kipen's § 2254 petition *de novo,* although the district court's factual findings are examined for clear error. *See id.* at 549. Federal habeas corpus relief is available only if the state court's rejection of Kipen's claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir.2000).

Kipen now argues that he could not have begun his 1992 drug sentence until his 1987 sentence for criminal sexual conduct was fully served. Thus, he argues that his 1987 sentence must have expired on August 11, 1992, the date on which the parole board determined that his 1992 drug sentence would begin. He also argues that, with credit for good time, his 1992 drug sentence was fully served approximately eight years later, on March 17, 1999.

Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation. However, the actual computation of Kipen's prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The state court plainly indicated that it would be appropriate to order Kipen's release if there were no legal basis for his detention. The court then noted that the consecutive sentences of Michigan prisoners are calculated under Mich. Comp. Laws § 791.234(3), which provides in pertinent part as follows:

> If a prisoner ... is sentenced for consecutive terms ..., the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less good time and disciplinary credits allowed by statute. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences have been served less good time and disciplinary credits. . . .

In light of this statute, Kipen became eligible for parole after serving the minimum terms for each of his two sentences. However, his sentence will not fully expire until he has served his combined maximum sentence of twenty-three years, less any good-time credits. Thus, the trial court rejected Kipen's claim because there was a legal basis for his continued detention. *Kipen v. Kapture*, No. 99-4543-AH (Chippewa Mich. Cir. Ct. Jan. 10, 1999) (unpublished).

The district court properly dismissed Kipen's § 2254 claim because the state court's analysis was not based on an unreasonable interpretation of the facts or an unreasonable application of controlling Supreme Court precedent. *See Machacek*, 213 F.3d at 953. Kipen's current argument is also unpersuasive because it would reward him for committing his drug offense by effectively reducing the maximum sentence for his criminal sexual conduct conviction.

We have considered Kipen's other arguments, and they are all equally lacking in merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.